UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 06-278 (JDB) |
| v. | : |
| MARK FREEMAN, | : |
| Defendant. | : |

**FILED**

OCT 1 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

STATEMENT OF THE OFFENSE

Pursuant to Fed. R. Cr. P. 11, defendant Mark Freeman agrees and stipulates as follows:

From sometime in 2003 to at least April 2005, the defendant Mark Freeman agreed with a co-conspirator to embezzle money from the Federation of American Hospitals ("FAH"). FAH is an association made up of private or investor-owned hospitals throughout the United States. Members of FAH include general community and teaching hospitals in urban and rural areas as well as rehabilitation, long-term acute care, cancer, and psychiatric hospitals. FAH acts as a spokesperson and representative of its members to the federal government's legislative and executive branches and advocates for or against legislation and policies which affects the health care industry and its members. FAH has been in existence since the mid 1960's, and at least during the period of the conspiracy, it was located at 801 Pennsylvania Avenue, N.W., Washington, D.C. and it operated in and its activities affected interstate commerce.

Throughout the period of the conspiracy, the co-conspirator was employed as FAH's Controller. As such, the co-conspirator (hereinafter "Controller")'s responsibilities at FAH included: running the day to day financial operations of FAH; charting expenses against the overall budget; maintaining FAH's books and records. As part of the daily operations, the Controller would receive a vendor invoice, prepare a reimbursement check to pay the invoice through FAH's computer system, attach the invoice, supporting documents, and checks in a

packet of material, and present to the appropriate FAH personnel for authorization and signature. If the reimbursement check was in an amount less than $2,000, then only one signature would be required.

The defendant Mark Freeman worked at FAH as an executive assistant specifically to the Chief Financial Officer, but his duties also covered the other senior executive staff. Mr. Freeman would prepare reports, power point presentations; he would cover scheduling and communications. Mr. Freeman would assist the Controller in providing documents to the Chief Financial Officer, including expense reports, or reimbursement checks to be signed.

Sometime in 2003, Mr. Freeman learned that the Controller often submitted two reimbursement checks for the same expense. Mr. Freeman raised this issue with the Controller, who told Mr. Freeman that he (the Controller) submitted two checks as if to reimburse for the same expense, with one check sent to the legitimate vendor and the other check altered and used for the Controller's own benefit. After learning of the scheme, Mr. Freeman assisted the Controller by: one, by not informing the Chief Financial Officer or anyone else at FAH about what he saw and learned; and two, by handing reimbursement checks to the Chief Financial Officer to be signed. After the Chief Financial Officer or some other authorized signator signed the reimbursement checks, the Controller would send one check to the vendor. The Controller would alter the second reimbursement check by inserting the check back into an erasable typewriter, backing out the vendor name, inserting his own name or the name of the defendant Mark Freeman, and at times altering the amount of the check. As a result of Mr. Freeman's assistance to the scheme, the Controller gave Mr. Freeman multiple FAH checks providing undeserved funds. In all, Mr. Freeman received about 35 checks worth a total of $48,069, which

he was not entitled to receive from FAH. Mr. Freeman would cash or otherwise negotiate these falsely altered and forged checks and keep the money for himself.

In sum, from sometime in 2003 to at least April 2005, Mr. Freeman agreed with the Controller to embezzle money from FAH and assist the Controller in his embezzlement scheme. In furtherance of the agreement, the defendant Mark Freeman and the co-conspirator committed various overt acts, including creating and submitting checks to be signed in the offices of FAH in the District of Columbia. The defendant Mark Freeman intentionally joined this conspiracy, agreed with another, and he and another committed overt acts, and caused overt acts to be committed, some of which occurred in the District of Columbia, resulting in the making, possessing, and uttering of falsely altered and forged checks belonging to FAH, an organization which operates in, and whose activities affect interstate commerce.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
for the District of Columbia

By: /s/ Virginia Cheatham
VIRGINIA CHEATHAM
Assistant U.S. Attorney
Bar No. 411980
555 4th Street, N.W.
Washington, D.C. 20530
(202) 514-9732

## DEFENDANT'S ACCEPTANCE

I have read every word of this Statement of Offense. Pursuant to Fed. R. Cr. P. 11, after consulting with my attorney, I agree and stipulate to this Statement of Offense, and declare under penalty of perjury that it is true and correct.

Date: 10/11/06

_____
Mark Freeman
Defendant

I have discussed this Statement of Offense with my client, Mr. Freeman. I concur with his decision to stipulate to this Statement of Offense.

Date: 10/11/06

_____
Tony L. Booker, Esquire
Attorney for the Defendant