UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : Criminal No. 06-278 (JDB) |
| | : |
| v. | : |
| | : |
| MARK FREEMAN, | : |
| Defendant. | : |

GOVERNMENT'S CONSOLIDATED MOTION PURSUANT
TO FEDERAL SENTENCING GUIDELINES SECTION 5K1.1
AND MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, moves pursuant to Section 5K1.1 of the Federal Sentencing Guidelines for a downward departure based on the defendant's substantial cooperation with law enforcement. In support of its motion and in aid of sentencing, the government submits the following:

## BACKGROUND

From 2003 to 2005, Doug Mairena and Mark Freeman embezzled money from the Federation of American Hospitals ("FAH"). FAH is an association made up of private or investor-owned hospitals throughout the United States. FAH acts as a spokesperson and representative of its members to the federal government's legislative and executive branches and advocates for or against legislation and policies which affects the health care industry and its members.

Throughout the period of the embezzlement, Doug Mairena was employed as FAH's Controller, and was responsible for running the day to day financial operations of FAH. As part of the daily operations, Mairena would arrange for payments of vendor invoices by preparing a voucher check to pay the invoice through FAH's computer system, attaching the invoice, supporting documents, and checks in a packet of material, and presenting the packet to the appropriate FAH

personnel for authorization and signature. If the voucher check was in an amount less than $2,000, then only one signature would be required.

 Starting in 2003 and continuing through 2005, Mairena engaged in a scheme to create two checks to pay the same vendor invoice. First, Mairena prepared a check to pay a legitimate vendor invoice. After the Chief Financial Officer or some other authorized signator signed the voucher checks, the defendant would send this check to the vendor, and then would prepare a second, fraudulent, check to pay the same vendor invoice. Again, Mairena would present the check to a member of the executive staff to be signed. After signature, Mairena would alter this second voucher check by inserting the check back into an erasable typewriter, backing out the vendor name, inserting his own name; at times, Mairena would also alter the amount of the check. Mairena would then either deposit the check into his bank account or negotiate the check for cash. Through this scheme, Mairena obtained $328,960 of FAH funds, which he was not entitled to receive.

 Sometime in 2003, the Chief Financial Officer's executive assistant, defendant Mark Freeman, realized that Mairena often submitted two checks for the same expense. Freeman raised this issue with Mairena, who told Freeman that he (Mairena) submitted two checks to pay for the same expense, with one check sent to the legitimate vendor and the other check altered and used for his own benefit. After learning of the scheme, Freeman assisted Mairena by: one, by not informing the Chief Financial Officer or anyone else at FAH about what he saw and learned; and two, by handing voucher checks to the Chief Financial Officer to be signed. According to Freeman, Mairena gave Freeman altered checks in exchange for keeping quiet. In all, Freeman stole $48,069 through 35 falsely altered checks from December 2003 to April 2005.

**DISCUSSION**

This embezzlement scheme came to light after Doug Mairena left the organization. In June 2006, FAH (through its attorney) contacted the U.S. Attorney's Office and through them, the Federal Bureau of Investigation. In July 2006, Special Agents from the FBI approached the defendant Mark Freeman about this investigation. Defendant Freeman was honest and forthright; he confessed his own involvement and explained Mairena's role in the scheme. When asked a question that he wished not to answer, defendant Freeman told the agents that he would rather not answer (rather than lying to the agents). Defendant Freeman also quickly obtained the services of an attorney, again, showing his willingness to deal with the issue rather than ignoring it.

After some discussions, the defense agreed to a guilty plea resolution of the case. Defendant Freeman pleaded guilty on October 11, 2006. Thereafter, the government approached an attorney who already represented Doug Mairena. Although there was a strong case against Mairena based on the documents alone, the government believes the testimony of Mark Freeman would have been a crucial component to any trial presentation against Mairena. However before indictment, Mairena agreed to plead guilty and did so on January 10, 2007.

Freeman's offense level under the Federal Sentencing Guidelines is 10; he is in a criminal history category of VI, resulting in a guideline range of 24 - 30 months. Considering the defendant's substantial assistance to law enforcement and the factors enumerated in 18 U.S.C. Section 3553 (a)(1) and (2), the government respectfully requests that the Court depart downward by five levels, resulting in a guideline range of 9 - 15 months in Zone C.

CONCLUSION

The government respectfully requests that the Court depart downward and sentence Mark Freeman in the sentencing range of 9 - 15 months in Zone C.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____/s/_____
VIRGINIA CHEATHAM
Assistant United States Attorney
D.C. Bar No. 411980
Fraud/Public Corruption
555 4th Street, N.W., 5th Floor
Washington, D.C. 20530
(202) 514-9732

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2007, that a copy of the foregoing Motion and Sentencing Memorandum was served via ECF to Tony L. Booker, Esq., Counsel for the defendant.

_____/s/_____
VIRGINIA CHEATHAM
Assistant U.S. Attorney